# Torrey, Ex'tr v. Slaughter.

### Statutory Action of Ejectment.

1. *Continuance on terms; dismissal of cause.*—Where the continuance of a cause is granted at plaintiff's instance, upon condition that he pay.

all costs of that term before the next term of the court, and the costs are not paid by the plaintiff within the specified time, the fact that at the next term of the court a judgment of dismissal was rendered upon motion made by the attorney of a party in another action from which the present cause had just been severed, is not error of which plaintiff can complain, since, upon failure of the plaintiff to comply with the condition of continuance, the court, of its own motion, could have dismissed said suit.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. JAMES T. JONES.

The facts of this case are identical with the case of *Torrey v. Bishop, supra, ante,* p. 548, with one exception. After the death of the defendant Forbes, the cause was revived against H. W. Slaughter, as the administrator of the estate of E. Forbes, deceased, and the heirs of the deceased. The only difference between the facts of this case and the facts of the case of *Torrey v. Bishop* is, that the bill of exceptions states that the motion to dismiss the cause against Slaughter as administrator, &c., was made by "Charles J. Torrey, Esq., as attorney for James A. Bishop."

FRED'K G. BROMBERG, for appellant.

PILLANS, TORREY & HANAW, *contra.*

McCLELLAN, J.—The circuit court in this case, having continued the cause at the instance of the plaintiff, upon the expressed condition that the plaintiff pay the costs accruing at that term before the next term of the court, and the plaintiff having failed to comply with this order, might well have dismissed the case of its own motion ; and the fact that the dismissal was moved for by one who is referred to in the entry as the attorney for a defendant in another case, from which this one had just been severed, can not inject error into a judgment which the court was authorized to enter without motion.

The other questions presented by this record are identical with those which have been considered in the case of *Torrey Extr. &c. v. Bishop, ante,* p. 548 ; and upon the authority of that case, with what is said above, this case is affirmed.